HILDEN, Respondent, vs. GREAT LAKES COAL & DOCK COM-
PANY, Appellant.

*February 5—February 24, 1914.*

*Master and servant: Negligence: Injury to servant: Contributory
negligence: Evidence: Special verdict: Excessive damages.*

1. For the purpose of demonstrating the efficiency of its fire-
extinguishing system, defendant's superintendent directed
plaintiff, a blacksmith in defendant's employ, to hold a nozzle,
about eighteen inches long, attached to twenty-five feet of fire
hose. When the water was turned on, the nozzle was jerked
out of his hands by the pressure, and struck and injured his
shin. The evidence as to the knowledge which the superin-
tendent and plaintiff respectively had as to the conditions, the
power to be applied, and the natural action of the water, is
*held* to sustain findings by the jury that the superintendent
was negligent in directing plaintiff to hold the nozzle alone,
and that plaintiff was not guilty of contributory negligence.
2. Refusal to submit a particular question in a special verdict was
not error where one of the questions submitted, together with
the instructions thereon, sufficiently covered the material fact
in issue.
3. It appearing that plaintiff's injuries were painful; that the
wound became infected and resulted in an ulcer, although
there was no permanent substantial injury except a sensitive
scar; that he was unable to work for three or four months;
that he was earning from $3 to $3.50 per day; and that his
medical expenses amounted to $65, damages in the amount of
$900 are not excessive.

APPEAL from a judgment of the superior court of Douglas
county: CHARLES SMITH, Judge. *Affirmed.*

Action for personal injury. The defendant maintained on
its dock a fire-extinguishing system consisting of a pump, a
pipe line, and hose. For the purpose of demonstrating its
efficiency before an officer of the company, its superintendent
called plaintiff, whose principal employment was that of a
blacksmith, to hold the nozzle of a twenty-five foot length of
hose. The nozzle was about eighteen inches long, two and

one-half inches at the base, and had an opening of one and one-quarter inches. The pump was then set in operation, and about the time the water started to come through the nozzle plaintiff claims it was jerked out of his hands by the force of the water, struck his shin, and inflicted a cut or bruise that later became infected and resulted in an ulcer.

The jury found (1) that plaintiff was injured by the nozzle; (2) that it was forced from his hands by the pressure of the water; (3) that the superintendent was guilty of a want of ordinary care; (4) that the engineer in charge of the pump was not; (5) that the superintendent's want of ordinary care was the proximate cause of plaintiff's injury; (6) that plaintiff was not negligent; and (7) damages $900. Judgment in favor of plaintiff was entered upon the verdict, and the defendant appealed.

For the appellant there was a brief by *W. P. Crawford,* and oral argument by *H. G. Pickering.*

*Victor Linley,* for the respondent.

VINJE, J. This case presents the question of the sufficiency of the evidence to sustain the findings that the superintendent was negligent in ordering plaintiff to hold the hose alone, and that plaintiff was not guilty of contributory negligence. As to the first, it is urged that the operation was such a simple, ordinary one and of such a character that the defendant could not reasonably anticipate injury therefrom. The evidence shows that the nozzle was attached to twenty-five feet of two and one-half inch hose, and that when the water was turned on it threw a stream from 75 to 150 feet in length from an orifice of one inch and a quarter. It also shows that under such conditions it is difficult for one man to manage the nozzle or hose owing to the fact that the pressure of the water produces a twisting, jerky motion on the hose. The superintendent knew the size of the hose, the amount of power the pump was capable of exerting, and the

object and extent of the demonstration, and he must or should have known that it was difficult or dangerous for one man to handle a hose of that size if there was to be enough pressure exerted to throw an inch and a quarter stream seventy-five feet or more. The finding of the jury that the superintendent was negligent, approved as it is by the trial court, cannot be disturbed.

As to the finding of no contributory negligence, the same result is reached. It does not appear that the plaintiff was familiar with the action of water forced through a hose, though he had once before assisted in holding the hose while another held the nozzle. Nor does it appear he knew anything about the amount of power that was intended to be used. As soon as the water came, he testified, the nozzle was jerked out of his hand in spite of anything he could do.

Error is assigned because the court refused to include in the special verdict this question submitted by the defendant: "Did Superintendent Summershield know or in the exercise of ordinary care should he have known, at the time he ordered plaintiff to hold the hose, that said work could not safely be done by one man?" The court submitted the question, "Was the superintendent guilty of want of ordinary care on the occasion in question?" and instructed under this question as follows:

"We have to take the circumstances as they were, as they appeared to him on the occasion. Now, taking the position that he was in, the light that he had, and all the circumstances, what do we say there—that he was guilty of want of ordinary care or not in sending the plaintiff to handle the nozzle alone, and with what we may say with reasonable probability that harm might come under the circumstances?"

It thus appears that under the instructions of the court the only question submitted to the jury as to the negligence of the superintendent was whether he failed to exercise ordinary care because he sent the plaintiff alone to handle the

nozzle.   The question submitted by the court, together with the instruction, sufficiently covered the material fact in issue.

It is also claimed the damages are excessive.   The evidence shows that plaintiff's injuries were painful; that his wound became infected, but that there was no permanent substantial injury except a scar on his leg covered by skin which is more or less thin and sensitive; that he' was unable to work for from three to four months; that he was earning from $3 to $3.50 per day, though not steadily employed; and that his medical expenses amounted to $65.   Under such circumstances, damages in the amount of $900 cannot be held excessive.

*By the Court.*—Judgment affirmed.